IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| LANCE BILBERRY, | § § § § | |
| Plaintiff, | § § | Civil Action No. 1:20-cv-00470 |
| v. | § § | |
| JPMORGAN CHASE BANK, N.A., | § § | **Jury Trial Demanded** |
| Defendant. | § § § § | |

## **COMPLAINT**

Plaintiff, LANCE BILBERRY ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against JPMORGAN CHASE BANK, N.A. ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") and the Texas Business and Commerce Code Section 305.053.

## **JURISDICTION AND VENUE**

2. This Court's jurisdiction arises under 28 U.S.C. § 1331, which

PLAINTIFF'S COMPLAINT

grants this Court original jurisdiction of all civil actions arising under the laws of the United States.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

4. Defendant conducts business in the State of Texas therefore personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Austin, Texas.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a company with its principal place of business located at 200 Ottawa Avenue N.W., Grand Rapids, Michigan 49503.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone number.

12. Plaintiff has only used this number as a cellular telephone number.

13. Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone number.

14. Defendant called Plaintiff from telephone numbers including, but not limited to, 847-426-9203.

15. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded or artificial voice.

16. Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded or artificial voice as calls would begin with a noticeable delay or silence with no caller on the line before a live representative would come on the phone or the call would terminate.

17. Defendant's calls were not for emergency purposes.

18. Shortly after calls started, Plaintiff first told the Defendant to stop calling him.

19. Defendant ignored Plaintiff's request to stop calling and continued to call him repeatedly.

20. Plaintiff found Defendant's repeated calls to be frustrating, annoying, harassing, invasive, and upsetting.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

22.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.    Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded voice.

24.    Defendant's calls to Plaintiff were not made for "emergency purposes."

25.    After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

26.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

27.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

# COUNT II
# TEXAS BUSINESS AND COMMERCE CODE SECTION 305
# CIVIL CAUSE OF ACTION FOR VIOLATIONS OF THE TCPA BY <u>USING AN AUTOMATED DIALER</u>

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth therein.

29. The conduct of Defendant in causing repeated telephone calls to be made by an automatic telephone dialing system to the cell phone number of Plaintiff constitutes multiple violations of the TCPA.

30. These violations create a private cause of action under Texas law for civil liability that is properly enforced as a State cause of action under Section 305.053 of the Texas Business and Commerce Code.

31. As a result of the above violations of the Texas Business and Commerce Code, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to an award of statutory damages.

WHEREFORE, Plaintiff, LANCE BILBERRY respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A) and the Texas Business and Commerce Code §305.053(b)(2);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B) and the Texas Business and Commerce Code §305.053(b)(1);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3) and the Texas Business and Commerce Code §305.053(c)(1);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3) and the Texas Business and Commerce Code §305.053(a)(1);

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff LANCE BILBERRY, demands a jury trial in this case.

Dated: 5/01/2020

Respectfully submitted,

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Tel: 215-540-8888
Fax: 877-600-2112
Email: aginsburg@creditlaw.com