IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LANCE BILBERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:20-CV-470-RP |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("JPMC") motion to stay proceedings pending a decision in *Facebook, Inc. v. Duguid*, 19-511, 2020 WL 3865252 (U.S. July 9, 2020), which is currently before the Supreme Court of the United States (Mot. Stay, Dkt. 25). Plaintiff Lance Bilberry ("Bilberry") opposes the motion to stay. (Pl.'s Opp., Dkt. 26). After reviewing the motion, responses, and applicable law, the Court will grant the motion to stay.

## I. BACKGROUND

Bilberry filed this case on May 1, 2020, alleging that JPMC violated the Telephone Consumer Protection Act ("TCPA") by contacting Bilberry on his cellular telephone using an automatic telephone dialing system ("ATDS") without his consent. (Compl., Dkt. 1, at 3). On July 9, 2020 the Supreme Court granted certiorari in *Facebook, Inc. v. Duguid*, 19-511, 2020 WL 3865252 (U.S. July 9, 2020) to address a circuit split regarding the TCPA's definition of an ATDS, and oral argument was heard on December 8, 2020. In its motion to stay, JPMC asks the Court to stay all pretrial proceedings because a decision in *Duguid* will address how an ATDS is defined and therefore the scope of its application in this case. (Mot. Stay, Dkt. 25, at 2–3). Bilberry opposes the motion to stay, arguing that a stay would be unjust to him. (Pl.'s Opp., Dkt. 26, at 3–4).

1

## II.     LEGAL STANDARD

A district court has the inherent power to stay proceedings incidental to its power to control the disposition of its docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N Am. Co.*, 299 U.S. 248, 254–55 (1936); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. In determining whether a stay is proper, the Court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, Civ. A. No. 09-CV-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009). When exercising its discretion, the Court is "guided by the policies of justice and efficiency." *Boudreaux v. Metro. Life Ins. Co.*, Civ. A. No. 95-CV-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995).

## III.    DISCUSSION

In support of its motion to stay, JPMC argues (1) without a stay, JPMC will be harmed by preparing the case for trial before the Supreme Court provides its guidance on a critical issue in the case; (2) a stay will conserve judicial resources because the *Duguid* decision potentially will streamline the issues and lead to a resolution for the parties; and (3) a stay will not prejudice Bilberry as oral arguments are complete in *Duguid*, 19-511, 2020 WL 3865252 and as such a decision is forthcoming. (Mot. Stay, Dkt. 25, at 7–10). Bilberry responds that (1) other courts have rejected requests for stays in similar circumstances; (2) *Duguid* "likely will not be decided until June 2021 or perhaps even later"; and (3) "[p]utting a case on pause for a half a year against the Plaintiff's wishes would be a facially unjust result." (Pl's Opp., Dkt. 26, at 3–4).

This Court has the discretion to stay cases incidental to its power to control the disposition of its docket, including when a pending ruling from a higher court may affect the case at hand.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Rezko v. Xbiotech Inc.*, 2017 WL 4544683 (W.D. Tex. Oct. 6, 2017). When deciding whether to stay a case pending a higher court's decision, the Court considers "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Dwyer v. USAA Savings Bank*, 2017 WL 7805760, at *1 (W.D. Tex. 2017) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

First, although Bilberry contends that he will be prejudiced, Bilberry does not explain how he would be prejudiced by a stay—a stay that would not be indefinite—or how the facts and procedural posture of this case are like those in the cases where courts declined to enter a stay. The only pending substantive motion is Bilberry's motion to dismiss JPMC's counterclaim, (Dkt. 9), which Bilberry did not mention in his response. Finally, the Court finds that a stay would in fact conserve litigation costs for the parties by potentially avoiding needless motion practice, if not a trial and appeal, before the Supreme Court clarifies the applicable law. Accordingly, based on the information presented to the Court by the parties, the Court finds that Bilberry would not be unduly prejudiced by a stay in this case.

Second, the Court finds that the decision in *Duguid* will likely simplify this matter and inform the Court's ruling on any dispositive motions, as well as the parameters of discovery. "The issue before the Supreme Court in Facebook is pivotal to Plaintiff's claims here—and to TCPA litigation nationwide—because making a call with an ATDS or using a pre-recorded or artificial voice is a requisite element of the claim." (Mot. Stay, Dkt. 25, at 2); *see also Suttles v. Facebook, Inc.*, 461 F. Supp. 3d 479, 484 (W.D. Tex. 2020) ("The Fifth Circuit has not adopted an ATDS definition. Other circuits have conflicting definitions."). As such, the Court finds that a decision in *Duguid* will simplify

the disputed issues between the parties and guide the Court's decisions on dispositive motions filed in this case.

Lastly, this case is not nearing the end stages. There is a pending motion to dismiss, (Dkt. 9), and the dispositive motions deadline has not passed, (Scheduling Order, Dkt. 17) (setting dispositive motions deadline for February 5, 2021). Because the motion to stay has been made before the Court has ruled on the pending motion to dismiss and before the dispositive motions deadline, the Court finds that a stay is appropriate at this stage of the case. *Dwyer v. USAA Sav. Bank*, 2017 WL 7805760, at *1 (W.D. Tex. Nov. 21, 2017) ("A stay is generally appropriate if the motion for a stay is made early in the proceedings and a stay is unlikely to prejudice the plaintiff.") (citing *Baxter Research*, 611 F.Supp.2d 647, 650 (E.D. Tex. 2009)). Given the likelihood that the Supreme Court's decision in *Duguid* will affect the instant case, the lack of undue prejudice to Bilberry, and the interests of judicial economy and consistency served by a stay, the Court finds that a stay pending the Supreme Court's decision in *Duguid* is warranted in this case.

### IV.   CONCLUSION

For these reasons, **IT IS ORDERED** that this case is **STAYED** and all pending deadlines and court settings are stayed until the Court lifts the stay following the resolution of *Facebook, Inc. v. Duguid*, 19-511, 2020 WL 3865252 (U.S. July 9, 2020).

**IT IS FURTHER ORDERED** that the parties file a joint status report within two weeks of the Supreme Court's decision in *Facebook, Inc. v. Duguid*, 19-511, 2020 WL 3865252 (U.S. July 9, 2020).

**SIGNED** on January 13, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE